**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   CASE NO. 3:12-cr-191-J-32JBT

COURTNEY RICHARDSON

## O R D E R

This case is before the Court on Defendant Courtney Richardson's Motion to Expunge Records (Doc. 364) filed on January 5, 2016, to which the Government responded on April 4, 2016 (Doc. 366).

On May 15, 2013, Richardson pled guilty to conspiracy to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (Docs. 194, 254). The Court imposed a sentence of time served, followed by three years of supervised release. (Docs. 288). After completing half of her supervised release and with a recommendation from the U.S. Probation Office, on July 21, 2015, the Court discharged the remaining term of Richardson's supervised release. (Doc. 358).

Since sentencing, Richardson states that she has obtained a bachelor's degree in public safety, enrolled in nursing school, and continues to raise her child without support from its father. (Doc. 364 at 9-10). However, the Department of Health suspended Richardson's CNA license pursuant to § 456.0635(2)(b), Fla. Stat., which prohibits issuing licenses to individuals who have been convicted of a felony under 21 U.S.C. §§ 801-970 until more than 15 years has elapsed since the termination of their supervised release. Thus, although Richardson has attempted to obtain employment in her chosen field of nursing, her criminal conviction has proved to be a significant impediment to doing so.

Richardson therefore requests that the Court order the Government to place all the records and documents related to her case in a separate storage facility and delete any electronic copies of these records or documents and references to them from the Government's databases, electronic filing systems, and public records. (Doc. 364 at 14). Further, she requests that her name be removed from any official index or public record and that the records not be opened other than in the course of a bona fide criminal investigation by law enforcement authorities and only when necessary for such an investigation. (Id.).

Although the Court commends Richardson on her efforts to further her education and improve her circumstances, the Court lacks jurisdiction to consider a post-conviction request to expunge criminal records. In Doe v. United States, the Second Circuit Court of Appeals considered very similar circumstances in which a petitioner sought to have her record of conviction for health care fraud expunged seven years after her term of probation ended because her conviction prevented her from getting a job as a home health aide. No. 15-1967-CR, 2016 WL 4245425 (2d Cir. Aug. 11, 2016). The Second Circuit held that the district court "lacked jurisdiction to consider Doe's motion to expunge records of a valid conviction." Id. at *1.

In so holding, the Second Circuit addressed Kokkonen v. Guardian Life Ins. Co., in which the Supreme Court instructed that ancillary jurisdiction may be exercised for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." 511 U.S. 375, 379-80 (1994). First, the court found that the district court's supervision of Doe's sentencing and her motion to expunge records on equitable grounds were not mutually

dependent, as they were analytically and temporally distinct. Id. at *4. The collateral employment consequences Doe faced arose from "the very fact of her conviction, not from the District Court's sentencing proceedings or [her] probationary term." Id. As such, the district court lacked jurisdiction under the first prong. Second, because Doe's sentence had long ago concluded when she filed her motion, expunging her record on equitable grounds was "entirely unnecessary" for the court to function successfully, as described in the second prong of Kokkonen. Id. (quoting United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000) ("'Expungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct, does not serve any of th[e] goals' identified in Kokkonen's second prong."). Having also found that Doe was not entitled to relief under the Federal Rules of Criminal Procedure, id. at *2, the Second Circuit reversed and remanded, holding that the district court's exercise of ancillary jurisdiction served neither of the goals identified in Kokkonen. Id. at *5 (noting that the holding is in accord with that of "every other sister Circuit to have addressed the issue since Kokkonen" and citing several cases) (citations omitted).

Here, the Court will follow the Second Circuit's reasoning. Richardson's conviction is valid; she pled guilty to conspiracy to distribute marijuana and has not alleged official misconduct by the Government. Expunging her record on equitable grounds is therefore unnecessary to manage the Court's proceedings. Moreover, her sentencing and motion to expunge are analytically and temporally distinct. Thus, neither prong of Kokkonen warrants the Court's exercise of ancillary jurisdiction. Therefore, this Court lacks jurisdiction to consider Richardson's motion to expunge records.

Accordingly, it is hereby

3

**ORDERED:**

Defendant Courtney Richardson's Motion to Expunge Records (Doc. 364) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of August, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Michael Coolican, AUSA
Conrad Kahn, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant